IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MODE GLOBAL LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1675-K-BN |
| | § | |
| CASEY SMITH, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART MOTION CONCERNING SERVICE**

Plaintiff MODE Global LLC ("MODE") filed this lawsuit against its former employee, Defendant Casey Smith, alleging claims that include breach of an employment agreement, fraud, and theft of trade secrets and requesting preliminary and permanent injunctive relief. *See* Dkt. Nos. 1 & 6.

MODE previously obtained an extension of time to serve Smith. *See* Dkt. Nos. 8 & 9.

And, after MODE moved for a second extension of time to do so and for the Court to authorize substitute service, *see* Dkt. No. 10, United States District Judge Ed Kinkeade referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 11.

Pursuant to Federal Rule of Civil Procedure 4(e)(1), a party may be served by "following state law for serving a summons." In this case, Texas law applies and permits service by personal service or certified mail. TEX. R. CIV. P. 106(a). But Rule 106 also authorizes a court to order substituted methods of service. Only after service by one of the two methods provided in Rule 106(a) fails, may a court, upon motion supported by proper affidavit, authorize substitute service. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993).

> Upon motion of the plaintiff with a sworn statement listing the location a defendant can be found, and the facts of the attempted, yet unsuccessful service, a court may authorize service "in any other manner, including electronically by social media, email, or other technology, that ... evidence shows will be reasonably effective to give the defendant notice of suit." TEX. R. CIV. P. 106(b)(2). "[S]ubstitute service is not authorized ... without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

*Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *2 (5th Cir. Feb. 14, 2022); *accord Am. Home Assurance Co. v. Zeus Plumbing*, No. SA-23-CV-01424-XR, 2024 WL 4795986, at *3 & n.1 (W.D. Tex. Aug. 20, 2024).

Through its motion, supported by the affidavit of its counsel, MODE sets out the difficulties it has experienced attempting personal service on Smith – five separate times. *See, e.g.*, Dkt. No. 10 at 3 ("In sum, MODE has attempted to serve Smith at her residence five different times. However, Smith has evaded such service attempts and has even threatened the process server who attempted to serve her. Accordingly, MODE files this Motion and respectfully requests that the Court grant MODE additional time to serve Smith with the Complaint and summons.").

But MODE does not request a substituted method of service under Texas law to the extent that it requests that the Court authorize it to serve Smith via certified mail, return receipt requested, as that is a method explicitly authorized by Texas Rule 106(a). *See, e.g.*, *Crotts v. Freedom Mortg. Corp.*, No. 4:23-CV-04828, 2024 WL 4446514, at *1 (S.D. Tex. Oct. 8, 2024) ("Texas law specifies that service by certified mail is one of two *default* (rather than substitute) methods for effectuating service of process." (emphasis in original; citations omitted)).

So, under Federal Rule 4(e)(1) and Texas Rule 106(a), MODE may serve Smith

via certified mail, return receipt requested, as long as MODE honors Texas law as to who is authorized to serve (under this scenario, mail) process. *See, e.g.*, *Blanton-Bey v. Carrell*, Civ. A. No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) ("Texas Rule of Civil Procedure 103 provides that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit.'" (quoting TEX. R. CIV. P. 103; emphasis added by *Blanton-Bey*)).

And, while MODE has demonstrated good cause under Federal Rule of Civil Procedure 4(m) for the Court to allow it more time to perfect service on Smith, MODE does not request a specific date by which it aims to perfect service.

And, so, although the Court GRANTS MODE an extension of time to complete service as to Smith, it also ORDERS MODE to file a status report regarding service or (preferably) proof of service by **January 6, 2025**.

SO ORDERED.

DATED: December 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE