IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MODE GLOBAL LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1675-K-BN |
| | § | |
| CASEY SMITH, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING
DEFAULT JUDGMENT DAMAGES**

Plaintiff MODE Global LLC ("MODE") filed this lawsuit seeking injunctive relief and damages against its former employee, Defendant Casey Smith, alleging claims that include breach of an employment agreement, fraud, and theft of trade secrets. *See* Dkt. Nos. 1 & 6.

United States District Judge Ed Kinkeade referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 11.

And, after Smith failed to respond to the complaint, MODE moved for entry of default and default judgment, default was entered, and the Court accepted the undersigned's recommendation that the motion be granted and that the Court then refer to the undersigned the issues of damages and injunctive relief for further recommendation. *See MODE Global LLC v. Smith*, No. 3:24-cv-1675-K-BN, 2025 WL 3902069 (N.D. Tex. Dec. 23, 2025), *rec. accepted*, 2026 WL 51096 (N.D. Tex. Jan. 7, 2026); *see also id.* at *6 ("MODE concludes its motion by requesting a hearing to

determine damages. *See* Dkt. No. 21 at 14. And courts routinely 'defer a determination as the damages to be awarded pending a future hearing.'" (quoting *Adams v. Chime Sols., Inc.*, No. 3:23-cv-1482-S, 2024 WL 4137263, at *7 (N.D. Tex. Aug. 14, 2024), *rec. accepted*, 2024 WL 4139646 (N.D. Tex. Sept. 9, 2024); citing *Rolex Watch USA, Inc. v. Trujillo*, No. 2:23-cv-101-Z-BR, 2023 WL 11795676, at *4 (N.D. Tex. Nov. 16, 2023) (Even where "[a] defendant's default concedes the truth of the well-pleaded allegations of the [c]omplaint," a plaintiff still must "marshal competent evidence in support of damages." (cleaned up)))).

And, so, to determine if an evidentiary hearing is required, the Court ordered MODE to file a brief (supported by evidence through affidavits or declarations) as to the damages to be awarded and the scope of injunctive relief that it seeks. *See* Dkt. No. 26; *MODE*, 2025 WL 3902069, at *2 ("'[I]in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing … [except] where the amount claimed is a liquidated sum or one capable of mathematical calculation.' *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be 'computed with certainty by reference to the pleadings and supporting documents alone.' *Id.* at 311. Thus, affidavits submitted to support a claim for mathematically calculable damages 'must be sufficiently detailed to establish necessary facts.' *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).").

And, through its brief [Dkt. No. 27], supported by its attorney's declaration [Dkt. No. 27-1], MODE first requests "the $40,000 sum paid to Smith under the

- 2 -

Settlement Agreement in consideration for certain representations and warranties pertaining to her postemployment obligations," which "constitutes MODE's out-of-pocket/reliance damages" – that is, the amount that "MODE paid Smith $40,000 (the 'Settlement Payment') to secure certain express representations and warranties [in] the Settlement Agreement, as well as a full and complete releases of her claims against MODE." Dkt. No. 27 at 2-3.

MODE also seeks its reasonable attorneys' fees and costs – which it asserts total $32,134.04 ($30,738.00 in fees plus $1,396.04 in costs) – and explains:

> [a]s a result of Smith's (i) breach of the Employment Agreement, (ii) fraud under the Settlement Agreement, and (iii) misappropriation of Plaintiff's trade secrets under the [Defend Trade Secrets Act, 18 U.S.C. §§ 1832 and 1836(B)(3) ("DTSA")] and [the Texas Uniform Trade Secrets Act, TEX. CIV. PRAC. & REM. CODE § 134A.001 ("TUTSA")], Plaintiff is entitled to recover its reasonable costs and attorneys' fees incurred in connection with this action. *See* 18 U.S.C. § 1836(b)(3)(D); TEX. CIV. PRAC. & REM. CODE 134A.005(b). In addition, Smith's actions entitle MODE to recover its reasonable and necessary attorneys' fees because the Settlement Agreement expressly provides that in the event of the "failure or untruthfulness of any representation or warranty herein" MODE shall recover its attorneys' fees incurred in bringing such an action. Because Smith's representations and warranties have failed and/or were untruthful, MODE is entitled to its attorneys' fees.

Dkt. No. 27 at 4 (cleaned up).

And, "to protect [its] rights and enforce Smith's obligations arising under the Employment Agreement," "MODE seeks a permanent injunction enjoining Smith, and all persons acting in concert or participation with her or on her behalf or at her direction, from" certain specified actions. *Id.* at 5-6.

The undersigned determines that the Court cannot award damages based on MODE's brief and its attached evidence.

For example, based on Smith's default, which conceded the truth of MODE's well-pleaded allegations, the Court has found that default judgment is supported in part by MODE's fraud claim that is based on the Settlement Agreement. *See MODE*, 2025 WL 3902069, at \*5-\*6.

But the Court now needs evidence that MODE paid Smith $40,000. And the only evidence that MODE has provided is limited to supporting its requested attorneys' fees and costs. *See* Dkt. No. 27-1.

Relatedly, to the extent that MODE seeks attorneys' fees under the DTSA and the TUTSA, "[a] court may award attorney fees to the prevailing party in a claim for misappropriation of trade secrets under the TUTSA and FDTSA if the misappropriation is 'willful and malicious.'" *MWK Recruiting, Inc. v. Jowers*, 1:18-CV-444-RP, 2022 WL 4245537, at \*14 (W.D. Tex. Sept. 15, 2022) (cleaned up; citing TEX. CIV. PRAC. & REM. CODE § 134A.005(3); 18 U.S.C. § 1836(b)(3)(D)).

And MODE has pleaded a factual allegation that could support willful and malicious misappropriation. *See* Dkt. No. 1, ¶ 41.

But the Court now needs evidence to determine if it should "use its discretion to award … attorney fees and costs" under these statutes, as MODE has requested. *MWK Recruiting*, 2022 WL 4245537, at \*14; *cf. BarZ Adventures Inc. v. Patrick*, No. 4:20-CV-299, 2022 WL 4082464, at \*5 (E.D. Tex. Sept. 6, 2022) ("[T]he Court finds that … a hearing should be conducted with respect to damages. *See* FED. R. CIV. P. 55(b)(2)(B). At the hearing, the Court will hear argument and consider evidence on Bar-Z's request for damages under the DTSA and TUTSA. Further, Bar-Z shall also

- 4 -

be prepared to present evidence and facts in support of its argument that Rice willfully violated the TUTSA, and, as such, Bar-Z is entitled to punitive damages. *See* TEX. CIV. PRAC. & REM. CODE § 134A.005(3).").

Even so, MODE may not need to rely on the DTSA and the TUTSA to recover reasonable attorneys' fees considering that the Court also has determined that the default judgment is supported by MODE's well-pleaded allegations that Smith breached the Employment Agreement. *See MODE,* 2025 WL 3902069, at *4-*5.

That is because "Texas law permits an award for attorney's fees only if authorized by statute or contract." *Bennigan's Franchising Co., LLC v. Team Irish,* No. 3:11-cv-364-D, 2011 WL 3903068, at *2 (N.D. Tex. Sept. 6, 2011) (citing *Int'l Grp. P'ship v. KB Home Lone Star L.P.,* 295 S.W.3d 650, 653 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 310-11 (Tex. 2006)).

And, "[w]hen a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory under § 38.001 [of the Texas Civil Practice and Remedies Code] if there is proof that the fees are reasonable." *Id.* at *3 (citations omitted).

"In addition to the statutory right to recover attorney's fees under the provisions of § 38.001, '[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38.'" *Id.* (quoting *KB Home,* 295 S.W.3d at 653; citation omitted). In that case, "the terms of the contract, not statute, control the outcome of the case." *Id.* (cleaned up).

But, "[u]nder Texas law, 'if any attorney's fees relate solely to a claim for which

such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees.'" *Thomas v. Hughes*, 27 F.4th 995, 1020 (5th Cir. 2022) (quoting *Chapa*, 212 S.W.3d at 313).

And, in general, "parties seeking attorneys' fees are required to segregate their fees between recoverable and non-recoverable claims." *Wease v. Ocwen Loan Servicing*, No. 3:13-cv-4107-B, 2021 WL 4991079, at *4 (N.D. Tex. Oct. 27, 2021) (citing *Chapa*, 212 S.W.3d at 311).

And, while "[i]ntertwined facts alone do not make fees for unrecoverable claims recoverable," "fees need not be segregated where 'discrete legal services advance both a recoverable and unrecoverable claim.'" *Id.* (quoting *Chapa*, 212 S.W.3d at 313-14; citation omitted).

Still, "[t]he party seeking to recover attorneys' fees bears the burden of demonstrating segregation is not required." *Id.* (citation omitted).

But "[s]egregation evidence need not be extensive to be sufficient." *Anderton v. Green*, No. 05-19-01294-CV, 2021 WL 1115549, at *3 (Tex. App. – Dallas Mar. 24, 2021, no pet.) (citing *Chapa*, 212 S.W.3d at 314).

And, so, "[a]n attorney need not keep separate time records; rather, 'it is sufficient to submit to the fact-finder testimony from a party's attorney concerning the percentage of hours that related solely to a claim for which fees are not recoverable.'" *Id.* (quoting *RM Crowe Prop. Servs. Co., L.P. v. Strategic Energy, L.L.C.*, 348 S.W.3d 444, 453 (Tex. App. – Dallas 2011, no pet.) (citing *Chapa*, 212 S.W.3d at 314).

In sum, the Court needs some evidence as to segregation here where, as one example, the Court has determined that default judgment is supported by the well-pleaded allegations of common law fraud, *see MODE*, 2025 WL 3902069, at *5-*6, under which a prevailing party is not entitled to its attorneys' fees, even if the fraud claim arose from breach of contract, *see MBM Fin. Corp. v. The Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 667 (Tex. 2009); *Chapa*, 212 S.W.3d at 311-12, and that claim also is the basis for MODE's $40,000 damages request, *cf.* Dkt. No. 27-1 (evidence to enable the Court to determine whether the requested fees are reasonable through a lodestar calculation but no evidence as to segregation).

And, so, the Court ORDERS MODE to consider whether it can revise its evidentiary submission in support of default judgment damages to address the concerns set out above – and any related concerns that MODE may unearth as it considers the cases provided by the Court and other applicable authority – and file by **July 10, 2026** either (1) a revised brief and evidentiary submission in support of default judgment damages or (2) a notice to the Court stating that its belief an evidentiary hearing is required.

SO ORDERED.

DATED: June 10, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE